UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:00-cr-003 SEP |
| TERRANCE ROBERTS, | ) ) ) |
| Defendant. | ) ) |

### MEMORANDUM AND ORDER

Before the Court is Defendant Terrance Roberts' Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(l)(A), Doc. [1031]. Pursuant to the Eastern District of Missouri's Administrative Order dated April 1, 2020, the Court appointed counsel, who later moved to withdraw Defendant's pro se motion. Doc. [1051]. Defendant then moved pro se to reinstate his Motion for Sentence Reduction. Doc. [1053]. The Government has not responded to Defendant's motion. After considering the applicable 18 U.S.C. § 3553(a) factors and the policy statements issued by the Sentencing Commission, the Court will deny Defendant's motion.

On March 28, 2000, Defendant was found guilty of conspiracy to transport another person with intent to commit prostitution; money laundering; transportation of an individual under the age of 18 with the intent to engage in prostitution; transporting another person with the intent to commit prostitution; and conspiracy to commit money laundering. On July 6, 2000, he was sentenced to 432 months' imprisonment. Defendant is currently incarcerated at FCI Sandstone, with a release date of July 2, 2029.[1]

According to Defendant, he submitted a request for compassionate release to the warden on October 31, 2022, and as of the filing date of his motion, he had not received a response. Because 30 days had elapsed between Defendant's request and the filing of the motion, the Court finds that Defendant exhausted his administrative remedies.

Defendant argues that the Court should grant him a sentence reduction due to "extraordinary and compelling reasons." USSG § 1B1.13(a)(1)(A), (b). Defendant's principal argument is that his sentences for counts 19 and 44—192 months on each count—were overly harsh relative to what his Guidelines range would have been for each of those two charges

---

[1] Release date and location are per the Bureau of Prisons website at the time of the filing of this Order.

1

considered individually when he was sentenced, and also by the standards in effect in 2022, when he first filed his motion.

At the time Defendant filed his motion, the length of a defendant's sentence was not a consideration the Guidelines advised courts to consider in determining whether a defendant had presented an "extraordinary and compelling reason" warranting a sentencing reduction. *See* Application Note 1(A) to USSG § 1B1.13 (2021 Manual). According to USSG § 1B1.13(b)(6), which took effect November 1, 2023, the Court may consider the length of a defendant's sentence in determining whether he presents an extraordinary and compelling reason, but only "[i]f a defendant received an unusually long sentence and has served at least 10 years" of it, and "[a] change in the law . . . would produce a gross disparity between the sentence being served and the sentence likely imposed *at the time the motion is filed*." *Id.* (emphasis added).

The argument that certain of Defendant's sentences were overly harsh relative to his Guidelines ranges *at the time of sentencing* necessarily fails under that standard. But Defendant has served more than 10 years of his 432-month sentence, and he argues that one of the sentences he received is harsh compared to the Guidelines range he would have received *at the time of the filing of his motion*. Specifically, he states that his Guidelines range in 2000 for his money laundering charge, considered alone, would have been 57 to 71 months, based on a total offense level of 23 and a criminal history category of III, whereas his guideline range in 2022 would have been 21 to 27 months, based on a total offense level of 14 and the same criminal history category of III. *See* Doc. [1031] at 8. Assuming the accuracy of Defendant's calculation, he still fails to provide "an extraordinary and compelling reason" that could justify a sentence reduction.

The Guidelines calculation at Defendant's original sentencing was complicated. The two counts as to which Defendant complains that his sentence is unduly harsh, Counts 19 and 44, grouped together pursuant to USSG § 3D1.2, and the adjusted offense level for the group was 23. *See* Doc. [442] ¶¶ 35, 56. Then, because Count 1 (Conspiracy to Transport Another Person in Interstate Commerce With the Intent to Commit Prostitution) had three separate victims, it was treated as three separate counts of conviction under the Guidelines. *Id.* ¶¶ 36, 57-59. Those three counts yielded adjusted offense levels of 35, 33, and 24. *Id.* ¶¶ 42, 46, 51. After application of USSG § 3D1.4's multiple count adjustment to the three counts under Count 1 and the group comprising Counts 19 and 44, the resulting Total Offense Level was 37. *Id.* ¶¶ 57-66. Notably, the adjusted offense level for the count group comprising Counts 19 and 44 did not

2

increase the overall offense level for Defendant's crimes by even a single unit. *Id.* ¶¶ 60-63. In other words, Defendant's Guidelines range would have been the same if he had not been convicted of Counts 19 and 44.

In fashioning Defendant's sentence, the sentencing Court did not consider each count individually vis-a-vis its individual Guidelines range and then add them all together to arrive at Defendant's total sentence. Rather, the Court sentenced Defendant using a single recommended Guidelines range based on a composite of Defendant's crimes. Based on that overall recommendation, after granting a motion for an upward departure "based on 5K2.2 use of physical force and 5K2.8, conduct unusually cruel," Doc. [441] at 7, the Court determined that an aggregate sentence of 432 months was sufficient but not greater than necessary to serve the 18 U.S.C. § 3553(a) factors with respect to all of the crimes for which Defendant was convicted.

Defendant does not argue that the change in the money laundering Guidelines had the effect of "produc[ing] a gross disparity between the *sentence being served* and the *sentence likely imposed* at the time the motion is filed." USSG § 1B1.13(b)(6) (emphasis added). Given that his money laundering conviction, whatever its Guidelines range might have been in isolation, had *no* effect on the Guidelines range actually used to sentence him, it is hard to see how any such argument could be persuasive. Therefore, he has not pointed to the kind of change in law that might allow this Court to consider the length of his sentence when determining whether he has presented an "extraordinary and compelling reason" for a sentencing reduction.

Defendant's other arguments for compassionate release also fail. Rehabilitation is not, by itself, an "extraordinary and compelling reason," but it can be considered by the Court "in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted." USSG § 1B1.13(d).[2] The only "other circumstance" Defendant cites is the risk of serious illness from COVID-19. While the Court is cognizant of the danger that COVID-19 can pose to an incarcerated person, Defendant's circumstances do not rise to the level of an "extraordinary and compelling reason" for a sentencing reduction under either the standard that applied at the time of the filing of his motion[3]

---

[2] The statement that rehabilitation could be considered in combination with other circumstances took effect on November 1, 2023. *Compare* Application Note 3 to USSG § 1B1.13 (2021 Manual).

[3] Before November 1, 2023, Application Note 1(A) to § 1B1.13 of the United States Sentencing Guidelines provided that the medical condition of a defendant could provide an "extraordinary and

3

or the standard in effect at the time of the publication of this Order.[4] Although he cites his age, race, and history of smoking, Defendant's vaccination significantly mitigates the risks associated with COVID-19, even with such risk factors. *See, e.g.*, *United States v. Chau,* 2022 WL 17358421 (E.D. Mo. Dec. 1, 2022) ("[A]ny increased risk Defendant faced due to his history of smoking and substance abuse is mitigated after vaccination."); *United States v. Boulder*, 2024 WL 165287 (D.S.D. Jan. 16, 2024) ("Given the efficacy and availability of vaccinations in the BOP system, the risks associated with COVID-19 can be timely mitigated.").

Finally, even if Roberts had demonstrated an extraordinary and compelling reason warranting a sentence reduction, the Court would be required to consider the sentencing factors set forth in § 3553(a), to the extent they are applicable, before granting such a reduction. *See* 18 U.S.C. § 3582(c)(1)(A). Those factors provide an independent justification for denying Defendant's motion. Mr. Roberts took part in an interstate conspiracy involving the recruitment, transportation, control, and abuse of prostitutes, including minors. *See United States v. Evans*, 272 F.3d 1069, 1077, 1090 (8th Cir. 2001). The reduced sentence he requests would not "reflect the seriousness" of his grave offenses; nor would it sufficiently "promote respect for the law" or "afford adequate deterrence to criminal conduct[.]" *See* 18 U.S.C. § 3553(a)(2)(A).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Sentence Reduction Under 18 U.S.C. § 3582(c)(l)(A), Doc. [1031], is **DENIED.**

Dated this 28th day of February, 2025.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

---

compelling reason" where (i) "the defendant is suffering from a terminal illness . . ."; or (ii) the defendant's condition, impairment, or deterioration "substantially diminishes [his] ability . . . to provide self-care within the environment of a correctional facility" and he is not expected to recover from it.

[4] USSG § 1B1.13(b)(1)(D), which took effect on November 1, 2023, allows for the possibility of a sentencing reduction if "[t]he defendant presents the following circumstances:

> (i) the defendant is housed at a correctional facility affected or at imminent risk of being affected by (I) an ongoing outbreak of infectious disease, or (II) an ongoing public health emergency declared by the appropriate federal, state, or local authority;
>
> (ii) due to personal health risk factors and custodial status, the defendant is at increased risk of suffering severe medical complications or death as a result of exposure to the ongoing outbreak of infectious disease or the ongoing public health emergency described in clause (i); and
>
> (iii) such risk cannot be adequately mitigated in a timely manner."